IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Schwab & Co., Inc. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: |
| Felipe Nery Gomez, and Arthur James Muellman Gomez, | ) ) ) ) | |
| Defendants. | ) | |

## INTERPLEADER COMPLAINT

Plaintiff, Charles Schwab & Co., Inc. ("Schwab"), by and through its undersigned counsel, for its Interpleader Complaint against Interpleader Defendants Felipe Nery Gomez ("Felipe Gomez") and Arthur James Muellman Gomez ("AJ Gomez") (collectively, the "Defendants") alleges as follows:

### NATURE OF ACTION

1. This is an interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure by Schwab as a neutral stakeholder of certain assets held in an Individual Retirement Account registered in the name of Sandra W. Gomez and designated with the account number ****-4115 (the "IRA Account").[1]

2. The IRA Account is presently in the possession of Schwab. By this interpleader action, Schwab seeks to resolve the adverse and competing claims to the IRA Account by Defendants AJ Gomez, a listed beneficiary on the IRA Account, and Felipe Gomez, who is AJ Gomez's father and has: (i) impeded Schwab's efforts to communicate with AJ Gomez and/or

---

[1] The leading four digits of the account number have been redacted for confidentiality purposes.

distribute AJ Gomez's beneficial share of the IRA Account; and (ii) made a claim to have a right to control the IRA Account that appears inconsistent with his rights and the law.

3. Schwab is informed and believes that Felipe Gomez disputes AJ Gomez's entitlement to the IRA Account at this time, but rather wants the IRA Account to be released into his own custody.

4. Schwab makes no claim of ownership of the Account, other than to recover its costs and attorneys' fees related to this action.

5. This interpleader action is necessary because: (i) AJ Gomez has been unwilling or unable to communicate with Schwab or takes steps necessary to receive his beneficial share of the IRA Account; (ii) Felipe Gomez has frustrated Schwab's attempts to distribute the assets held in the IRA Account and has made competing and adverse claims to the IRA Account; and (iii) Felipe Gomez has claimed lawful control of a related custodial account established under the Uniform Transfers to Minors Act (the "Custodial Account") which is the subject of a recently-dismissed lawsuit which Felipe Gomez filed in this court and claims similar control over the IRA Account (as described further, below).[2] These adverse claims subject Schwab to potential multiple liabilities with respect to any disposition of the IRA Account absent this Court's resolution of such competing claims.

6. Schwab desires to extricate itself from this dispute by depositing the IRA Account into the Court registry via this interpleader and thereupon be discharged from any further obligations with respect to the Accounts.

**PARTIES**

---

[2] *Arthur James Muellman Gomez and Felipe Gomez v. Charles Schwab Corp. et al.*, Case No. 19-CV-0540.

DMS # 14618301

7. Plaintiff, Schwab, is a corporation organized and existing under the laws of the State of California with its principal place of business in San Francisco, California. Schwab is authorized to do business and is doing business within the State of Illinois.

8. Upon information and belief, Defendant, Felipe Gomez, is an individual residing in Chicago, Illinois. Felipe Gomez is a licensed Illinois attorney.

9. Upon information and belief, Defendant, AJ Gomez, is an individual residing in Chicago, Illinois. AJ Gomez is 20 years of age at the time of this filing.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000 exclusive of interest or costs, Plaintiff is a citizen of the State of California and Defendants are citizens of the State of Illinois.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS SUPPORTING INTERPLEADER

### A. The Custodial Account

12. Upon information and belief, on or about September 25, 2007, Sandra W. Gomez ("Sandra Gomez"), AJ Gomez's paternal grandmother, established the Custodial Account at Schwab, designating herself as the custodian on the account and AJ Gomez as the beneficiary.

13. Upon information and belief, Sandra Gomez created the Custodial Account under the Uniform Transfers to Minors Act ("UTMA").

14. UTMA accounts are custodial accounts set up by an adult on behalf of a minor beneficiary where all assets in the account are held in the beneficiary's name until the

beneficiary reaches the age of majority, at which time the assets in the account are turned over to the beneficiary.

15. Upon information and belief, Sandra Gomez was a resident of the State of California when she opened the Charles Schwab Custodial Account.

16. Upon information and belief, Sandra Gomez indicated on the application for the Custodial Account that the account should be governed by California law and the age of termination on the account should be 18. *See* correspondence between Schwab and counsel for Defendants on January 23, 2019, a true and correct copy of which is attached hereto as <u>Exhibit A</u>.

17. The age of termination for UTMA accounts in California is 18.

18. Schwab is informed and believes that AJ Gomez turned 18 on November 11, 2016.

19. Thereafter, on or about February 9, 2017, Schwab converted the Custodial Account to a standard (taxable) brokerage account registered in AJ Gomez's individual name.

20. Upon information and belief, on or about January 15, 2019 and January 18, 2019, the Custodial Account (although this account was no longer "custodial" in nature by this time, we continue to refer to it as the Custodial account for simplicity's sake) assets were transferred to an account held by E*TRADE Securities LLC.

21. As a result of those transfers, Schwab no longer holds any of the assets previously contained in the Custodial Account.

B. **<u>The IRA Account</u>**

22. Upon information and belief, on or about October 19, 2004, Sandra Gomez created the IRA Account.

4

23. As of the date of Sandra Gomez's death, the IRA Account listed Sandra Gomez's three grandchildren as beneficiaries: (a) Maya Gomez (34%); (b) Dessi Gomez (33%); and (c) AJ Gomez (33%).

24. On or about July 19, 2011, Schwab received documents from Felipe Gomez which purported to direct the transfer of AJ Gomez's 33% share of the IRA Account. Upon information and belief, Felipe Gomez provided incorrect forms and/or incomplete information. As such, Schwab was unable to transfer AJ Gomez's share of the IRA Account.

25. Schwab attempted outbound calls to the IRA beneficiaries and mailed letters to each, including AJ Gomez, as well as a letter to Felipe Gomez as then-custodian of the Custodial Account.

26. By July 28, 2011, all beneficiaries of the IRA were paid out except AJ Gomez.

27. On or about August 31, 2011, Schwab spoke with Felipe Gomez by telephone, who stated that he would send Schwab necessary documentation for Schwab to release the IRA Account funds.

28. On or about September 30, 2011, Schwab spoke with Felipe Gomez by telephone, who informed Schwab that he was still in the process of filling out the necessary documentation for release of the IRA Account funds.

29. On or about October 31, 2011, Schwab spoke with Felipe Gomez by telephone, who stated that he was working with an attorney, and that he was busy with his own work.

30. On or about November 14, 2011, Schwab attempted to contact Felipe Gomez regarding the Custodial and IRA Accounts, but Schwab was unable to reach Mr. Gomez or to leave a message.

DMS # 14618301

31. On December 15, 2011, after having received no contact from Mr. Gomez for 90 days, Schwab sent a "no response" letter to Mr. Gomez via regular mail.

32. At the time of this filing, the value of the IRA Account exceeded $75,000.

### C. Felipe Gomez's Claims to AJ Gomez's IRA Account Assets

33. On April 17, 2019, AJ Gomez, through Felipe Gomez as his counsel, filed a Second Amended Complaint against Schwab, Garrett Wynne, E*TRADE Financial Corporation, and ReedSmith LLP alleging RICO violations and seeking, *inter alia*, "disgorgement" of the Custodial Account from Charles Schwab and "triple damages and Attorney fees…and punitive damages in the amount of at least 3x, or at least $15,000,000, totaling no less than $20,000,000."

34. On April 27, 2019, Felipe Gomez voluntarily dismissed that action and asserted that Plaintiffs "will also be continuing the complaints and referrals, and making additional claims/complaints, related to the conduct of participants, and certain witnesses, in this matter to the Northern District and the U.S. Dept. Of Justice, and waives nothing related thereto."

35. On February 8, 2019, E*TRADE Securities, LLC filed an interpleader complaint against Defendants pertaining to the Custodial Account for substantially the same reasons as Schwab files this action. *See* <u>Exhibit B</u>, Interpleader Complaint in *E*TRADE Securities, LLC v. Felipe Nery Gomez and Arthur James Muellman Gomez* ("By this interpleader action, E*TRADE seeks to resolve the adverse and competing claims to the Disputed Assets by Defendants AJ Gomez, the sole owner of the E*TRADE Account where the Disputed Assets are currently held, and Felipe Gomez, who is AJ Gomez's father and claims to be in lawful control of the Disputed Assets by virtue of his allegations that he is the custodian of the Disputed Assets."). The E*TRADE's action is currently pending before the Honorable Rebecca R. Pallmeyer in the United District Court for the Northern District of Illinois as Case: 1:19-cv-00827.

36. Since January 22, 2019, Felipe Gomez has repeatedly asserted to Schwab that he has AJ Gomez's authorization to distribute the IRA Account as AJ Gomez's "independent counsel" and as the "custodian" of the account, but Felipe Gomez has not provided Schwab with any documentation establishing that AJ Gomez, a legal adult in the State of Illinois and the sole owner of the IRA Account, authorizes or consents to Felipe Gomez's demands. True and correct copies of such correspondence are attached hereto as <u>Exhibits C-D</u>.

37. In addition, AJ Gomez has not come in to any Schwab location to verify his identity and establish his ownership over the IRA Account.

38. Upon information and belief, Felipe Gomez does not have any ownership or interest in the IRA Account and has no legal right to control the account or its distribution.

## INTERPLEADER REQUIREMENTS

39. Schwab fully incorporates Paragraphs 1-38 as if fully restated herein.

40. Schwab claims no title or interest in the IRA Account, with the exception of the attorneys' fees and costs incurred in relation to this action, and is merely a stakeholder that desires protection while this Court determines to whom the Accounts should be paid.

41. The respective claims to the IRA Account by Felipe Gomez and AJ Gomez are adverse and conflicting.

42. Schwab is unable to determine which, if any, of the claims to the IRA Account are valid without this Court's determination of the respective interests of the claimants.

43. Schwab reasonably believes that it will be exposed to multiple liability or multiple lawsuits due to the existence of the adverse and conflicting claims of the Defendants to the IRA Account.

DMS # 14618301

44. Schwab's fear of multiple liability or vexatious litigation of conflicting claims has been justified by Felipe Gomez's repeated civil, criminal, and personal threats to Schwab and undersigned counsel.

45. Schwab stands ready and willing to distribute the IRA Account to the person lawfully entitled to receive it.

46. Schwab has filed this Interpleader Complaint in good faith and without any collusion of the Defendants.

47. As a result of the continuing adverse and conflicting claims, this Interpleader is necessary to ensure that the IRA Account is distributed to the lawfully entitled party.

## PRAYER FOR RELIEF

WHEREFORE, Schwab respectfully requests that this Court enter an order:

a. Declaring that this Interpleader Complaint was properly filed and that this is a proper cause for interpleader;

b. Directing Schwab to (i) deposit the IRA Account funds into the Court's registry (ii) hold the IRA Account in a restricted Schwab account, or (iii) hold the IRA Account in any other matter as directed by this Court until the parties' respective rights to such IRA Account are determined by the Court;

c. Declaring that by obeying the order entered pursuant to part (b) in this Prayer For Relief, Schwab is discharged from any and all further obligations or liabilities whatsoever with respect to the IRA Account;

d. Directing Felipe Gomez and AJ Gomez to interplead and settle amongst themselves their rights to the IRA Account;

e. Enjoining any parties, named or unnamed, from instituting or pursuing any action against Schwab or any of its agents or affiliates relating in any way to the IRA Account;

f. Awarding Schwab the reasonable costs and attorneys' fees incurred in commencing this action; and

g. Ordering such other relief as the Court deems just and proper.

DMS # 14618301

Dated:  June 7, 2019 	Respectfully submitted,

 /s/ *Vincent P. Schmeltz III*

Vincent P. Schmeltz III (#6273010)
**BARNES & THORNBURG LLP**
One North Wacker Drive
Suite 4400
Chicago, Illinois  60606
Telephone:	(312) 214-4830
Facsimile:	(312) 759-1313
Email:	tschmeltz@btlaw.com

*Attorney for Charles Schwab & Co.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 7, 2019, I electronically filed the foregoing **Interpleader Complaint w**ith the Clerk of Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants who have entered an appearance in this action.


            */s/ Vincent P. Schmeltz III*
            VINCENT P. SCHMELTZ III

DMS # 14618301